DALE ALLEN GLAUNER, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 21628

June 28, 1991                      813 P.2d 1001

*Terri Steik Roeser,* State Public Defender, and *Janet S. Bessemer,* Deputy Public Defender, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Noel Waters,* District Attorney and *Eric S. Hoshizaki,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's petition for post-conviction relief. On June 7, 1988, appellant was convicted, pursuant to a jury verdict, of one count each of sexual assault, incest, statutory sexual seduction, and two counts of lewdness with a child under the age of fourteen years.

Appellant was sentenced to a term of life plus twenty years in the Nevada State Prison. This court dismissed appellant's direct appeal. Glauner v. State, Docket No. 19341 (Order Dismissing Appeal, September 18, 1989). This court filed its remittitur on October 10, 1989. On September 21, 1990, appellant filed in the district court a petition for post-conviction relief. On October 4, 1990, the district court entered its order denying appellant's petition.

The district court noted that this court entered its order dismissing appellant's direct appeal on September 18, 1989, and that appellant waited until September 21, 1990, before filing his petition for post-conviction relief. Therefore, the district court concluded that appellant's petition was filed more than one year after the "final decision" of appellant's direct appeal and that the petition was untimely.

On October 17, 1990, appellant filed a notice of appeal as well as a motion to reconsider the order denying his petition for post-conviction relief. In his motion to reconsider, appellant demonstrated that the clerk of the district court declined on at least two occasions to file appellant's petition for post-conviction relief because the space for the signature on appellant's financial certificate (in connection with his request to proceed in forma pauperis) did not appear to contain an authorized signature.[1] On November 9, 1990, the district court denied appellant's motion for reconsideration. The district court stated that appellant was required to file a properly filled out financial certificate, and that his failure to do so was good cause for the refusal of the clerk to file appellant's petition. This appeal followed.

Appellant contends that the district court erred in dismissing his petition and in denying his motion for reconsideration. We agree. Initially, we note that the district court denied appellant's petition on the basis of NRS 177.315(3), which reads as follows:

> Unless there is good cause shown for delay, a proceeding under NRS 177.315 to 177.385, inclusive, must be filed within 1 year after entry of judgment of conviction or, if an appeal has been taken from such judgment, within 1 year after the final decision upon or pursuant to the appeal.

This court retains jurisdiction over an appeal until the remittitur is filed. Accordingly, the decision in any appeal is not final

---

[1]Apparently the district court clerk's office had exemplars of the signatures of those officials at the prison who were authorized to sign financial certificates. It seems that the signature on appellant's form did not match those exemplars.

until the date the remittitur is filed. In the instant case, the date of the remittitur, and hence the date of the final decision on appellant's direct appeal, was October 10, 1989. Although the term "final decision" is ambiguous, we conclude that the better policy is to interpret "final decision" to refer to the date that the remittitur is issued by this court. Accordingly, appellant's petition, filed on September 21, 1990, was timely.

Further, even if appellant's petition had been untimely, a petitioner for post-conviction relief may be able to show "good cause" for failure to file a timely petition. NRS 177.315(3). Following a petition for post-conviction relief, a response by the state is mandatory. NRS 177.355(2). Because appellant's petition was timely when it was submitted, appellant had no reason to suspect that he should discuss good cause for any procedural default.[2] Under the facts of this case, the district court should have required the state to raise any procedural defenses by way of the answer or motion mandated in NRS 177.355(2), and then permitted a response by the petitioner as required by NRS 177.355(3).[3] The *sua sponte* dismissal by the district court was error.

The district court erred in denying appellant's motion to reconsider. The clerk of a court has a ministerial duty to file legal documents submitted to the court so long as those documents appear to be in the proper form; the clerk has no discretion to check the substance of those documents (such as the authenticity of signatures) and decide which ones will be filed. Bowman v. District Court, 102 Nev. 474, 728 P.2d 433 (1986). Even when the court clerk receives documents which are not in the proper form, there is no excuse for failing to stamp those documents with the date on which they are received. The clerk of the district court committed a dereliction of duty in failing to file appellant's petition for post-conviction relief. *See* Huebner v. State, 107 Nev. 328, 810 P.2d 1209 (1991).

---

[2]Even if we were to interpret "final decision" to refer to the date of the order dismissing appellant's direct appeal rather than the date of the remittitur, appellant's first submission of his petition was timely.

[3]We do not mean to imply that every *sua sponte* dismissal of a petition for post-conviction relief would be an abuse of discretion. However, in the instant case the procedural default (if any) was only on the order of a couple of days. The time requirement of NRS 177.315(3) is not a statute of limitations; appellant should have been given an opportunity to show either that no default occurred or that there was good cause.

Even if there was a problem with the financial certificate, appellant's motion to reconsider could not have been denied properly on that basis because a petition for post-conviction relief does not require a financial certificate or a motion to proceed in forma pauperis. Because there are no filing fees for a petition for post-conviction relief, there is no need for a petitioner for post-conviction relief to obtain permission to proceed in forma pauperis. The district court cannot appoint counsel for the petitioner at public expense unless the petitioner demonstrates indigency, but this does not authorize the district court to refuse to file the petition itself.

Accordingly, we vacate the order of the district court dismissing appellant's petition for post-conviction relief, and we remand this case to the district court for further proceedings consistent with this opinion.[4]

---

[4]We express no opinion on the merits of appellant's petition.