OPINION
 

 Per Curiam:
 

 This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. For the reasons stated below, we affirm the order of the district court.
 

 Appellant Bradley Harris (Harris) was convicted pursuant to a guilty plea of accessory to murder (Count I) and being an ex-felon in possession of a firearm (Count II). The district court sentenced
 
 *957
 
 Harris to serve a term of five years for Count I and a consecutive term of six years for Count II in the Nevada State Prison. The judgment of conviction was entered on April 1, 1992. Harris did not file a direct appeal from the judgment of conviction.
 

 On January 17, 1995, Harris filed a proper person post-conviction petition for a writ of habeas corpus. In the petition, Harris contended that (1) his trial counsel was ineffective for failing to inform him of his right to appeal from the judgment of conviction; (2) the district court’s imposition of consecutive sentences for the two crimes constituted a double jeopardy violation because the two crimes were integrally related; and (3) even if the district court could have imposed consecutive sentences, the district court abused its discretion in doing so. In the petition, Harris further asserted that his trial counsel’s ineffectiveness for failing to inform him of his right to appeal from the judgment of conviction constituted good cause for the delay in filing the petition.
 

 The district court subsequently appointed counsel to represent Harris in the post-conviction proceedings. The state moved to dismiss the habeas corpus petition, asserting that the petition was untimely filed pursuant to NRS 34.726, and that Harris failed to demonstrate good cause for the delay. Harris, with the assistance of his court-appointed counsel, filed an opposition to the state’s motion to dismiss. The district court agreed with the state and dismissed the petition, concluding that Harris had not shown good cause to excuse the delay in filing the petition. This appeal followed.
 

 NRS 34.726(1) provides:
 

 Unless there is good cause shown for delay, a petition that challenges the validity of a judgment or sentence must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the supreme court issues its remittitur. For the purposes of this subsection, good cause for delay exists if the petitioner demonstrates to the satisfaction of the court:
 

 (a) That the delay is not the fault of the petitioner; and
 

 (b) That dismissal of the petition as untimely will unduly prejudice the petitioner.
 

 Harris filed his petition almost three years after the district court entered the judgment of conviction. Therefore, Harris’s petition was untimely filed and should have been dismissed unless Harris demonstrated cause for the delay and undue prejudice.
 

 On appeal, Harris contends that his trial counsel was ineffective for failing to advise him of his right to file a direct appeal from the judgment of conviction or of the advantages and disadvantages of such an appeal. Harris argues that his trial counsel’s
 
 *958
 
 ineffectiveness constitutes good cause and prejudice to excuse the filing of an untimely petition pursuant to NRS 34.726. In support of his argument, Harris cites Lozada v. State, 110 Nev. 349, 871 P.2d 944 (1994). We conclude that Harris’s contention lacks merit.
 

 In
 
 Lozada,
 
 Jose Manuel Lozada filed an untimely notice of appeal from his 1987 conviction. The basis for Lozada’s appeal was a claim that his trial counsel had been ineffective and had deprived him of a timely direct appeal from the conviction without his consent.
 
 [1]
 
 We held that Lozada should raise this claim in a post-conviction petition for a writ of habeas corpus filed in the district court. However, because Lozada had previously filed a petition for post-conviction relief, he had to demonstrate good cause and prejudice to excuse the filing of a successive petition pursuant to NRS 34.810.
 
 [2]
 

 Id.
 
 at 352-53, 871 P.2d at 946. We held that Lozada could demonstrate good cause for filing a successive petition. Specifically, we concluded that the initial, erroneous denial of Lozada’s meritorious appeal deprivation claim in his prior, timely petition for post-conviction relief constituted an impediment external to the defense, and was thus good cause for raising the claim again in a successive habeas corpus petition.
 
 [3]
 

 Id.
 
 at 352-58, 871 P.2d at 946-49. We further concluded that Lozada could demonstrate actual prejudice if his trial counsel’s conduct in fact deprived Lozada of a direct appeal without his consent.
 
 Id.
 
 at 358-59, 871 P.2d at 949-50.
 

 Harris contends that if an allegation that a claimant was deprived of a direct appeal without his consent constituted good cause and prejudice to excuse the filing of a successive petition in
 
 Lozada,
 
 then such an allegation should also constitute good cause and prejudice to overcome the filing of an untimely petition.
 

 
 *959
 
 We disagree. We did not hold in
 
 Lozada
 
 that the deprivation of a direct appeal without a defendant’s consent constituted good cause to excuse the filing of
 
 any
 
 successive petition. Rather, we held that “[t]his court’s and the district court’s failure to recognize that Lozada had presented a timely, meritorious claim based on the ineffective assistance of counsel constitutes an external force which excuses the filing of a successive petition.”
 
 Id.
 
 at 357-58, 871 P.2d at 949. Lozada had initially raised his claim that he was deprived of a direct appeal without his consent in a timely filed post-conviction petition. The district court denied that timely petition, and this court dismissed Lozada’s appeal from that denial.
 
 Id.
 
 It was the initial denial of Lozada’s timely presented and meritorious claim that constituted good cause for Lozada to reassert the claim in a successive post-conviction petition.
 
 Id.
 
 Thus, the mere allegation that a claimant was deprived of a direct appeal without his or her consent does not alone constitute gdod cause and prejudice to excuse the filing of a successive petition.
 

 We further stated in
 
 Lozada
 
 that the mere allegation that a claimant was deprived of a direct appeal without his or her consent does not excuse the untimely filing of a petition pursuant to NRS 34.726:
 

 We note, however, that this conclusion is based on the fact that appellant timely and properly presented his claim in a petition for post-conviction relief. This opinion should not be read to excuse the untimely filing of a petition for post-conviction relief or post-conviction habeas relief simply on the allegation that a claimant was deprived of a direct appeal from a judgment of conviction without his consent.
 

 Lozada,
 
 110 Nev. at 358 n.5, 871 P.2d at 949 n.5. We now reaffirm our conclusion and hold that an allegation that trial counsel was ineffective in failing to inform a claimant of the right to appeal from the judgment of conviction, or any other allegation that a claimant was deprived of a direct appeal without his or her consent, does not constitute good cause to excuse the untimely filing of a petition pursuant to NRS 34.726. Rather, a petitioner must demonstrate some other excuse for the delay. We have held the good cause necessary to overcome a procedural bar must be some impediment external to the defense.
 
 See
 
 Crump v. Warden, 113 Nev. 293, 934 P.2d 247 (1997); Mazzan v. Warden, 112 Nev. 838, 921 P.2d 920 (1996); Passanisi v. Director, Dep’t Prisons, 105 Nev. 63, 769 P.2d 72 (1989);
 
 see also
 
 Murray v. Carrier,
 
 477
 
 U.S. 478 (1986).
 
 [4]
 

 
 *960
 
 Therefore, we reject Harris’s contention that his trial counsel’s failure to inform him of his right to appeal from the judgment of conviction constitutes good cause to excuse the filing of an untimely petition pursuant to NRS 34.726(1)(a).
 
 [5]
 
 Harris has failed to set forth any other excuse for the delay in filing his petition. Accordingly, we conclude that the district court properly denied Harris’s petition.
 

 We affirm the order of the district court.
 

 [1]
 

 For the complete procedural history preceding this court’s decision regarding Lozada’s untimely direct appeal,
 
 see Lozada,
 
 110 Nev. at 350-52, 871 P.2d at 945-46.
 

 [2]
 

 NRS 34.810 provides in relevant part:
 

 2. A second or successive petition must be dismissed if the judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 

 3. Pursuant to subsections 1 and 2, the petitioner has the burden of pleading and proving specific facts that demonstrate:
 

 (a) Good cause for the petitioner’s failure to present the claim or for presenting the claim again; and
 

 (b) Actual prejudice to the petitioner.
 

 [3]
 

 In
 
 Lozada,
 
 we assumed for purposes of the appeal that appellant’s appeal deprivation claim had merit.
 
 Id.
 
 at 353-54 n.3, 871 P.2d at 947 n.3.
 

 [4]
 

 In
 
 Murray,
 
 the United States Supreme Court defined cause for a procedural default as follows:
 

 
 *960
 
 [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel’s efforts to comply with the State’s procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel,
 
 see Reed v. Ross,
 
 468 U.S. [1], at 16 [1984], or that “some interference by officials,”
 
 Brown v. Allen,
 
 344 U.S. 443, 486 (1953), made compliance impracticable, would constitute cause under this standard.
 

 Murray,
 
 477 U.S. at 488.
 

 [5]
 

 We note that Harris’s contention that he was not advised of his right to file a direct appeal is belied by the record. Prior to entering his guilty plea, Harris signed a guilty plea memorandum which included the following provision:
 

 I understand I still have the right to appeal any errors that might occur at my sentencing hearing, but [I] am giving up the right to appeal any other defects that may exist in my case at this point or that might have occurred if I had gone to trial.
 

 Further, at the plea hearing before the district court, Harris acknowledged that he had read the plea memorandum, discussed it with his counsel, and agreed to be bound by the terms.