RALPH M. GONZALES, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 36908

September 13, 2002                                    53 P.3d 901

---

[Rehearing denied October 30, 2002]

*Ralph M. Gonzales,* Ely, in Proper Person.

*Frankie Sue Del Papa,* Attorney General, and *Brandee Ramos Mooneyhan,* Deputy Attorney General, Carson City; *Stewart L. Bell,* District Attorney, Clark County, for Respondent.

*Franny A. Forsman,* Federal Public Defender, and *Jason F. Carr,* Assistant Federal Public Defender, Las Vegas, for Amicus Curiae.

## OPINION

*Per Curiam:*

Appellant Ralph M. Gonzales challenges a district court order denying his post-conviction petition for a writ of habeas corpus. The primary question before this court is whether the district court erred in concluding that the post-conviction petition was procedurally barred because it was not timely filed. To answer that question, we must determine the date on which the one-year filing period under NRS 34.726 commenced and the date on which a proper person post-conviction habeas petition is deemed filed for purposes of determining its timeliness. We first conclude that where a timely appeal has been taken from a judgment of conviction, the one-year time period for filing a post-conviction habeas petition commences to run and is to be computed from the

date of this court's issuance of its remittitur. We next decline to extend the prison mailbox rule adopted in *Kellogg v. Journal Communications*[1] to the filing of post-conviction habeas petitions under NRS chapter 34.

## PROCEDURAL HISTORY

On October 10, 1996, the district court convicted Gonzales, pursuant to a jury verdict, of four counts of driving under the influence in violation of NRS 484.3795. The district court sentenced Gonzales to serve consecutive prison terms totaling approximately twenty-eight to seventy-one years.

Gonzales pursued a direct appeal, raising numerous issues. This court rejected his appeal and affirmed the judgment of conviction in an unpublished order entered on December 8, 1998.[2] After denying a timely petition for rehearing and staying the remittitur while Gonzales applied to the United States Supreme Court for a writ of certiorari,[3] this court issued its remittitur on May 20, 1999.

Gonzales then filed a proper person post-conviction petition for a writ of habeas corpus in the district court. The district court received the petition on May 23, 2000, and filed it on May 24, 2000. The petition raised numerous claims of ineffective assistance of counsel.

The State filed a motion to dismiss the petition alleging, among other things, that it was untimely filed. Although it had not been appointed as counsel in this case, the Federal Public Defender's Office was representing Gonzales in a pending federal habeas petition and filed an opposition to the State's motion to dismiss the state habeas petition. There is some confusion in the record regarding the district court's decision on the motion to dismiss. However, the final written order entered by the district court includes a finding and conclusion that the petition was not timely filed and that Gonzales had not demonstrated good cause to excuse its untimeliness. This appeal followed.

On July 23, 2002, this court issued an order requesting the attorney general to file points and authorities addressing certain issues presented in this appeal. In addition, this court requested the Office of the Federal Public Defender to participate in this appeal and to file similar points and authorities as amicus curiae. Both the attorney general and the federal public defender have now complied with our request and the questions presented in this appeal are now fully at issue and ready for decision.

---

[1]108 Nev. 474, 835 P.2d 12 (1992).

[2]*Gonzales v. State,* Docket No. 29498 (Order Dismissing Appeal, December 8, 1998).

[3]*See* NRAP 41.

## DISCUSSION

### Triggering event for purposes of NRS 34.726

The first question we must address is on what date the one-year period for filing a post-conviction habeas petition commenced to run in this case. This question involves the meaning of the phrase "within one year" as applied to the facts of this case.

NRS 34.726(1) provides that where an appeal has been taken from a judgment of conviction, a post-conviction petition for a writ of habeas corpus that challenges the judgment of conviction must be filed with the district court "within 1 year after the supreme court issues its remittitur." This language is clear and unambiguous. In cases where the defendant has filed a timely direct appeal, the one-year period for filing a post-conviction habeas petition commences to run from the date that this court issues its remittitur.[4] The statute only refers to the date on which this court *issues* its remittitur, not the date on which the district court subsequently acknowledges receipt of the remittitur or on which this court later files the remittitur upon receiving the district court's receipt for the remittitur.[5]

This court issued its remittitur in Gonzales' direct appeal on May 20, 1999, after denying a timely petition for rehearing and staying the remittitur pending application to the United States Supreme Court for a writ of certiorari.[6] Thus, Gonzales had until Monday, May 22, 2000, to file a timely post-conviction petition for a writ of habeas corpus in the district court.[7]

### Application of prison mailbox rule

The next question we must answer is when did Gonzales file his petition for purposes of NRS 34.726(1). The district court

---

[4]*See Dickerson v. State,* 114 Nev. 1084, 967 P.2d 1132 (1998).

[5]Thus, Gonzales' reliance on *Glauner v. State,* 107 Nev. 482, 813 P.2d 1001 (1991), is misplaced. *Glauner* interpreted the timeliness provision for filing a petition for post-conviction relief under former NRS chapter 177. *Id.* at 484, 813 P.2d at 1003. That provision was repealed, effective January 1, 1993. The NRS chapter 177 provision used different language than that used in NRS 34.726(1), and although this court's decision in *Glauner* used the terms "filed" and "issued" interchangeably in discussing the remittitur, it is clear from the dates specified in the opinion and from this court's files that this court determined in *Glauner* that the one-year time period for filing a post-conviction petition under former NRS chapter 177 commenced to run from the date this court first *issued* the remittitur.

[6]*See* NRAP 41.

[7]The year 2000 was a leap year; thus, the end of the one-year period from the issuance of the remittitur technically fell on Saturday, May 20, 2000.

received the petition on May 23, 2000, and filed it on May 24, 2000—more than one year after this court issued its remittitur on direct appeal. However, Gonzales apparently dated and signed the petition on May 19, 2000, within the one-year time limit. He also presented evidence to the district court that he used money in his inmate account to purchase "legal postage" on May 19, 2000. He thus argued that he delivered his petition into the hand of a prison official on May 19, 2000, and the petition was therefore timely filed under the prison mailbox rule that this court adopted in *Kellogg v. Journal Communications*.[8] We disagree and decline to extend *Kellogg* to the filing of post-conviction habeas petitions.

In *Kellogg*, we considered the issue of when a notice of appeal submitted by a prisoner acting in proper person is deemed filed for purposes of determining its timeliness. After considering the situation faced by such appellants and the "vagaries of the prison mail system," we adopted the prison mailbox rule that the United States Supreme Court had adopted in interpreting rules governing the timeliness of notices of appeal filed in federal courts.[9] We therefore held in *Kellogg* that a notice of appeal submitted by a prisoner acting in proper person is deemed filed on the date that it is delivered into the hand of a prison official.[10]

Gonzales argued below that *Kellogg* applies to the filing of a post-conviction habeas petition. Although we recognize that a majority of federal courts have applied the prison mailbox rule to the filing of federal habeas petitions by prisoners acting in proper person,[11] we are not bound by those decisions in our interpretation of NRS 34.726(1).[12]

---

Pursuant to NRS 178.472, however, the last day of any period to be computed under the Nevada Revised Statutes is not included in the computation if it falls on a Saturday, Sunday or non-judicial day.

[8]108 Nev. at 474, 835 P.2d at 12.

[9]*Id.* at 477, 835 P.2d at 13 (citing *Houston v. Lack,* 487 U.S. 266 (1988)).

[10]*Id.*

[11]*See, e.g., Noble v. Kelly,* 246 F.3d 93 (2d Cir.), *cert. denied,* 534 U.S. 886 (2001); *McPherson v. McBride,* 188 F.3d 784 (7th Cir. 1999); *Coleman v. Johnson,* 184 F.3d 398 (5th Cir. 1999); *Morales-Rivera v. U.S.,* 184 F.3d 109 (1st Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068 (8th Cir. 1999); *Hoggro v. Boone,* 150 F.3d 1223 (10th Cir. 1998); *Burns v. Morton,* 134 F.3d 109 (3d Cir. 1998); *In re Sims,* 111 F.3d 45 (6th Cir. 1997).

[12]*See Kellogg,* 108 Nev. at 477, 835 P.2d at 13 (observing that Supreme Court decision to adopt prison mailbox rule in interpreting federal rules of appellate procedure was not binding on this court in its interpretation of the Nevada Rules of Appellate Procedure); *accord Adams v. LeMaster,* 223 F.3d 1177, 1182 n.4 (10th Cir. 2000) (noting that Supreme Court decision adopting prison mailbox rule was based on interpretation of federal statutes and procedural rules, not constitutional principles, and, therefore, state courts are not bound by that decision), *cert. denied,* 531 U.S. 1195 (2001).

While a prisoner submitting a post-conviction petition in proper person faces many of the difficulties and the "vagaries of the prison mail system" identified in *Kellogg,* those concerns are more pronounced in the limited time period within which a notice of appeal must be filed, generally thirty days. In contrast, a prisoner has one year to file a post-conviction habeas petition. Given the ample time that NRS 34.726(1) affords prisoners to file a post-conviction habeas petition, we conclude that the policy reasons underlying the prison mailbox rule are not as compelling in the habeas context as in the notice-of-appeal context.

Moreover, unlike the strict jurisdictional time limits for filing a notice of appeal, the one-year time limit for filing a post-conviction habeas petition may be excused by a showing of good cause and prejudice.[13] Thus, in the notice-of-appeal context, absent the prison mailbox rule, a prison official's interference with the timely filing of a notice of appeal would not extend the time for filing the notice of appeal or allow this court to excuse the untimely filing of the notice of appeal.[14] In contrast, we recognize that under some circumstances, a petitioner may be able to demonstrate good cause to excuse the untimely filing of a post-conviction petition based on official interference with the timely filing of a petition.[15]

For these reasons, we decline to extend the prison mailbox rule to the filing of post-conviction habeas petitions. Those petitions must be filed with the appropriate district court within the applicable time period set forth in NRS 34.726(1).[16]

Here, Gonzales failed to file his petition with the district court within one year after this court issued its remittitur on direct appeal. He therefore had to demonstrate good cause to excuse his

---

[13]*See* NRS 34.726(1).

[14]*See Dickerson,* 114 Nev. at 1087, 967 P.2d at 1134 ("The filing of a timely notice of appeal is a fundamental jurisdictional requirement; without it, this court never obtains jurisdiction over an appeal and has no power to consider the issues raised, no matter how much merit they may have.").

[15]*See Harris v. Warden,* 114 Nev. 956, 959 & 960 n.4, 964 P.2d 785, 787 & n.4 (1998) (explaining that good cause "must be some impediment external to the defense" and noting such an impediment could include " " "some interference by officials" [that] made compliance impracticable' " (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986) (quoting *Brown v. Allen,* 344 U.S. 443, 486 (1953)))). We are not faced with that situation in this case because, accepting Gonzales' allegations as true, the untimely filing of Gonzales' petition in the district court was not the result of official interference. We therefore express no opinion as to the factual allegations and evidence necessary to make such a showing of good cause.

[16]*See* NRS 34.738(1) ("A petition that challenges the validity of a conviction or sentence must be filed with the clerk of the district court for the county in which the conviction occurred.").

procedural default and prejudice.[17] Gonzales failed to demonstrate good cause. Accordingly, we conclude that the district court did not err in denying the petition as untimely under NRS 34.726(1).

## CONCLUSION

We conclude that where a timely direct appeal is taken from a judgment of conviction, a post-conviction petition challenging the judgment of conviction must be filed within one year after this court issues its remittitur.[18] We further conclude that the prison mailbox rule adopted in *Kellogg* does not apply to the filing of post-conviction habeas petitions. Those petitions must be filed in the district court within the applicable time period set forth in NRS 34.726(1). Because Gonzales filed his post-conviction habeas petition in the district court more than one year after this court issued its remittitur on direct appeal and failed to demonstrate good cause to excuse the delay, we conclude that the district court properly denied the petition as untimely. We therefore affirm the district court's order.[19]

---

[17]*See* NRS 34.726(1).

[18]One exception to this rule is worthy of note. Pursuant to NRAP 42(b), this court does not issue remittiturs in appeals that are voluntarily dismissed. Thus, we conclude that where a timely direct appeal is voluntarily dismissed, the one-year time period for filing a post-conviction petition under NRS 34.726 commences to run from the date of entry of this court's order granting the motion for voluntary dismissal.

[19]We have considered all proper person documents filed or received in this matter, and we conclude that the relief requested is not warranted.