An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TERRANCE MICHAEL BARKSDALE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62833

**FILED**

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



### *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition on October 8, 2012, more than one year after entry of the judgment of conviction on June 21, 2011.[2]  Thus, appellant's petition was untimely filed. *See* NRS 34.726(1).  Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.*

Appellant first claimed that his petition should be considered timely filed because he first sent his petition to the clerk of the district

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken.

13-31027

court on July 12, 2012, as witnessed by another inmate, but the petition was inexplicably never received by the court. Even assuming the truth of appellant's assertion, a filing date of July 12, 2012, would still have meant the petition was untimely as it was due on June 21, 2012, 366 days after the date of entry of the judgment of conviction.[3] The fact that appellant allegedly received incorrect advice from an inmate law clerk regarding the one-year deadline does not constitute an impediment external to the defense for purposes of demonstrating good cause. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003); *Phelps v. Director, Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988).

Likewise, appellant's claim that his former trial counsel was ineffective for failing to advise him of post-conviction remedies did not constitute good cause. Former trial counsel did not have a constitutional duty to inform appellant about the availability of post-conviction remedies. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506 (recognizing that good cause must be a legal excuse); *see also Miranda v. Castro*, 292 F.3d 1063, 1066-68 (9th Cir. 2002) (holding that equitable tolling was not warranted where a petitioner relied on incorrect advice of former counsel because petitioner had no right to the assistance of counsel regarding post-conviction relief); *Pena v. U.S.*, 534 F.3d 92, 95-96 (2d Cir. 2008) (holding that the right to the effective assistance of counsel in a first-tier appeal

---

[3]The period for filing a timely petition was 366 days due to the leap year in 2012. *See Gonzales v. State*, 118 Nev. 590, 593 n.7, 53 P.3d 901, 903 n.7 (2002).

does not encompass a requirement that an attorney inform his client of the possibility of certiorari review or that the attorney assist the client in preparing such a petition); *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002) (holding that the right to counsel ends when the decision by the appellate court is entered). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Michelle Leavitt, District Judge
Terrance Michael Barksdale
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk