**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

ANTONIO ORPIADA,
        *Petitioner-Appellant*,

v.

E. K. MCDANIEL; NEVADA
ATTORNEY GENERAL,
      *Respondents-Appellees*.

</td>
<td>

No. 12-17131

D.C. No.
3:11-cv-00013-
RCJ-VPC

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted
March 12, 2014—San Francisco, California

Filed May 7, 2014

Before: M. Margaret McKeown and Ronald M. Gould,
Circuit Judges, and Gordon J. Quist, Senior District Judge.[*]

Opinion by Judge McKeown

---

[*] The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for the Western District of Michigan, sitting by designation.

# SUMMARY[**]

## Habeas Corpus

The panel affirmed the district court's dismissal of an untimely 28 U.S.C. § 2254 habeas corpus petition.

Petitioner sought to apply the prison mailbox rule to render timely his § 2254 petition, which was three days late. The panel held that, because Nevada has rejected the prison mailbox rule for the filing of state habeas corpus petitions, the state petition was not "properly filed" and petitioner was not entitled to tolling until the date that the state district court filed the pro se state habeas petition, not the day that petitioner delivered the petition to prison officials for mailing.

## COUNSEL

Jonathan M. Kirshbaum (argued), Research and Writing Specialist; Rene L. Valladares, Federal Public Defender; John C. Lambrose, Assistant Federal Public Defender, Las Vegas, Nevada, for Petitioner-Appellant.

Jeffrey M. Conner (argued), Deputy Attorney General; Catherine Cortez Masto, Attorney General, Carson City, Nevada, for Respondents-Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

McKEOWN, Circuit Judge:

This case raises the familiar question of whether a prisoner timely filed a petition for a writ of habeas corpus in federal court. For Antonio Orpiada, an inmate in Nevada State prison, the answer hinges on whether the prison mailbox rule applies to the filing of his state habeas corpus petition for the purpose of triggering statutory tolling of the Antiterrorism and Effective Death Penalty Act ("AEDPA") limitations period. *See* 28 U.S.C. § 2244(d)(2) (1996). If the mailbox rule does apply, as Orpiada asserts, his state petition is deemed filed on the date he delivered the petition to prison officials for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (2000), *vacated on other grounds*, 536 U.S. 214 (2002). If, however, the rule does not apply, the tolling period began on the date the state court clerk received Orpiada's state petition, and the filing of the federal petition exceeds the one-year limitations period by three days. *See Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000).

The combination of Supreme Court and Nevada precedent offers no wiggle room on the answer. We are bound by the Supreme Court's directive to apply state procedural law to determine whether Orpiada's habeas petition was properly filed, including when it was deemed filed. *See id*. Nevada has squarely rejected the prison mailbox rule for the filing of its state habeas corpus petitions. *Gonzales v. State*, 53 P.3d 901, 904 (Nev. 2002). Unfortunately for Orpiada, so too must we in assessing his petition and AEDPA tolling. Consequently, we conclude that Orpiada's federal petition is time barred.

## FACTUAL AND PROCEDURAL BACKGROUND

Following trial in Nevada, a jury convicted Orpiada of two counts of attempted murder and other related offenses. The parties agree that Orpiada's conviction became final on June 2, 2005. On February 6, 2006, the state district court filed Orpiada's pro se state habeas corpus petition. Orpiada signed and dated the petition and certificate of service by mail on February 2, 2006. The state trial court denied the petition. The Supreme Court of Nevada affirmed the trial court's decision by order dated December 10, 2010, and then issued its remittitur on January 5, 2011.

On that same day, January 5, 2011, Orpiada mailed a pro se federal habeas corpus petition to the United States District Court in Nevada. After the district court granted Orpiada's motion for assignment of counsel, counsel filed an amended petition on May 4, 2011. The district court ruled that the amended petition did not relate back to his original pro se petition. The district court then held that the amended petition was untimely because a total of 368 nontolled days had elapsed after Orpiada's conviction became final, exceeding the one-year AEDPA limitations period.[1] The district court determined that the prison mailbox rule did not

---

[1] The limitations period began to run on June 2, 2005, ninety days after the Supreme Court of Nevada affirmed Orpiada's conviction. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(1). Two hundred forty-nine days elapsed between June 2, 2005 and February 6, 2006, the date the district court determined marked the beginning of the tolling period under § 2244(d)(2). The limitations period then resumed running upon issuance of remittitur on January 5, 2011. One hundred nineteen nontolled days then elapsed between January 5, 2011 and May 4, 2011, the filing of the amended federal petition. Therefore, the district court counted a total of 368 nontolled days.

apply to Orpiada's state petition because Nevada does not apply the rule to its state habeas filings.

## ANALYSIS

The operative question for determining the timeliness of Orpiada's petition is whether the prison mailbox rule applies to the filing of his Nevada state habeas corpus petition for purposes of calculating tolling of the AEDPA limitations period. We have yet to address this precise question regarding Nevada state law.[2]

AEDPA provides a one-year limitations period for a state prisoner to apply for a writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1); *Campbell v. Henry*, 614 F.3d 1056, 1058 (9th Cir. 2010). The limitations period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As the Supreme Court explained:

> [A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in

---

[2] In a case where timeliness was not an issue, we noted that the mailbox rule does not apply to Nevada habeas filings. *See Koerner v. Grigas*, 328 F.3d 1039, 1043 n.1 (9th Cir. 2003) ("[B]ecause Nevada does not recognize a 'prison mailbox rule' for post-conviction petitions, [the petition] was not filed under Nevada law until actually received by the clerk of court." (citation omitted)).

> which it must be lodged, and the requisite
> filing fee.

*Artuz*, 531 U.S. at 8 (citations and footnote omitted).

These "mechanical rules that are enforceable by the clerks" are "'condition[s] to filing'" that must be met for an application to be properly filed, in contrast to conditions "which go to the ability to obtain relief" that do not affect whether the petition is properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 414–15, 417 (2005). In *Pace*, the Supreme Court clarified that even state time limits subject to judicially reviewable exceptions are filing conditions that impact whether a state petition is "properly filed" and eligible for tolling. 544 U.S. at 417 ("[T]here is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz*, which go to the ability to obtain relief.").

Consequently, to determine whether Orpiada's state post-conviction petition for relief is a "properly filed" application that is eligible for tolling we look to Nevada state filing requirements. *See Campbell*, 614 F.3d at 1060 ("Tolling . . . is not appropriate for a petition that is untimely under state law, because such a petition is [not properly filed]."). The state district court clerk stamped Orpiada's state petition as filed on February 6, 2006, which would mean that Orpiada's federal petition was three days late. Orpiada contends that, under the prison mailbox rule, his petition was eligible to begin tolling the AEDPA limitations period on February 2, 2006—the day he turned it over to prison authorities for mailing. Under the latter scenario, Orpiada's federal petition would be timely.

Unfortunately for Orpiada, Nevada law sinks his claim. Although Nevada applies the prison mailbox rule to state notices of appeal filed by pro se prisoners, it has expressly rejected application of the rule to state post-conviction relief petitions. *See Gonzales*, 53 P.3d at 903–04. In *Gonzales*, the Supreme Court of Nevada considered the rationale underlying the mailbox rule, and decided that policy considerations were not compelling enough in the habeas corpus context to warrant application of the rule. 53 P.3d at 903. The court reasoned that prisoners have ample time to file post-conviction petitions despite the "'vagaries of the prison mail system,'" in contrast to the shorter time period for notices of appeal. *Id*. It also noted that some late petitions may be forgiven by a showing of good cause and prejudice. *Id*. at 903–04.

Orpiada argues that application of the prison mailbox rule is controlled by federal law without regard to state procedural rules, pointing to Ninth Circuit cases that applied the prison mailbox rule to state petitions for AEDPA tolling. This argument is unavailing. We have not applied the prison mailbox rule for AEDPA tolling where, as here, the petition is mailed in a state that expressly rejects the mailbox rule for its state habeas petition filings.

Other cases applying the prison mailbox arise from convictions in California—a state that does not reject the prison mailbox rule and which has indeterminate rather than fixed time limitations for filing habeas petitions.**[3]** *See Carey*

---

**[3]** Situations in which state courts have not considered the mailbox rule because there is no fixed filing deadline do not offer a useful analog or precedent. *See, e.g.*, *Fernandez v. Artuz*, 402 F.3d 111, 113–16 (2d Cir. 2005) (applying the mailbox rule to a New York coram nobis petition

*v. Saffold*, 536 U.S. 214, 222 (2002); *see, e.g.*, *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("In determining when a *pro se* state or federal petition is filed, the 'mailbox' rule applies."). Orpiada argues that these cases involving California petitions are applicable because California has not expressly adopted the mailbox rule for its habeas corpus petitions. The trouble with Orpiada's argument is that Nevada has expressly rejected the mailbox rule and it is Nevada, not California or other state law that controls.

Our sister circuits are in accord with our approach. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (declining to apply the mailbox rule to a post-conviction Ohio petition because the Ohio Supreme Court has expressly rejected the rule); *Burger v. Scott*, 317 F.3d 1133, 1140–41 (10th Cir. 2003) (noting that the mailbox rule does not apply to post-conviction petitions in Oklahoma based on state law); *cf. Richards v. Thaler*, 710 F.3d 573, 576–79 (5th Cir. 2013) (concluding that, because Texas courts changed to recognize the mailbox rule for post-conviction filings, the federal courts accordingly would apply it to state petitions filed in Texas); *Ray v. Clements*, 700 F.3d 993, 1002–06 (7th Cir. 2012) (applying the mailbox rule to a post-conviction petition filed in Wisconsin based on Wisconsin law).

We note that tolling for petitioners relying on the prison mail system under the doctrine of equitable tolling remains available if the circumstances—such as prison official interference with the mail—warrant relief. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). However, Orpiada raised

while noting, "New York State prescribes no deadline for *coram nobis* petitions, [and thus] New York State courts will never have occasion to decide whether the prison mailbox rule should apply to them.").

no such special circumstances here. Orpiada's federal petition is time barred.

**AFFIRMED.**