An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD KEITH HULSEY,
Appellant,
vs.
DWIGHT NEVEN, WARDEN, HIGH
DESERT STATE PRISON,
Respondent.

No. 65216

FILED

NOV 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a proper person post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant filed his petition on November 15, 2013, more than one year after this court issued the remittitur from his direct appeal on November 5, 2012. *Hulsey v. State*, Docket No. 59725 (Order of Affirmance, October 8, 2012). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of cause for the delay and undue prejudice. *See id.*

On appeal, appellant argues that the delay was caused by the district court clerk, who received the petition within the time period for filing a habeas corpus petition but failed to file it until ten days later. In support of this claim, appellant contends that he delivered the petition to prison officials for mailing on November 4, 2013. We conclude that the district court properly determined that appellant's petition was procedurally time-barred. While official interference may demonstrate good cause, *see Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003), appellant fails to demonstrate that any such interference occurred

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37447

in this case. Even assuming the truth of appellant's assertion that he handed the petition to a prison official on November 4, 2013, he fails to demonstrate that the petition was actually received by the district court on November 5, 2013, the deadline for filing a timely petition. To the extent that appellant contends that the petition was timely because he handed it to a prison official within the one-year time period, this argument fails as this court does not recognize the "prison mailbox rule" for purposes of filing a post-conviction petition for a writ of habeas corpus. *See Gonzales v. State*, 118 Nev. 590, 594-95, 53 P.3d 901, 903-04 (2002). Therefore, appellant fails to demonstrate good cause for the delay. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[1]The opening brief does not comply with the formatting requirements of NRAP 32(a)(4) because it does not have one-inch margins on all four sides. We caution appellant's counsel that future failure to comply with the applicable rules when filing briefs in this court may result in the imposition of sanctions.

cc: Hon. David A. Hardy, District Judge
The Williamson Law Office, PLLC
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk