IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTONIO VICENTE DUENAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76525

FILED

OCT 2 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge. The district court denied the petition as procedurally barred. Appellant Antonio Vicente Duenas argues that the procedural bar should be excused because he has shown good cause. We disagree and affirm.

Duenas' postconviction habeas petition was untimely because it was filed more than two years after remittitur issued on direct appeal on October 22, 2013. *See* NRS 34.726(1); *Duenas v. State*, Docket No. 60114 (Order of Affirmance, September 20, 2013). Thus, his petition was procedurally barred absent a demonstration of cause for the delay and undue prejudice. *See* NRS 34.726(1).

Duenas argues that he has shown good cause in asserting that he timely delivered his pro se habeas petition to prison officials, who failed to file the petition. Duenas, however, has not included the purportedly timely pro se habeas petition in the record on appeal and thus has not supported his representation that he sought to timely file a petition. *See* NRAP 30(b)(3); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). Moreover, even assuming that Duenas timely delivered a pro se petition to prison officials, Duenas waited another year to file this petition and thus any official interference does not explain the entire length of the delay. *See*

SUPREME COURT
OF
NEVADA

(O) 1947A

19-44065

*Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003) (providing that the good cause claim must be raised within a reasonable time and must not be procedurally defaulted itself). As Duenas did not show good cause, we conclude that the district court correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Duenas argues that the district court should have held an evidentiary hearing. While official interference with an inmate's effort to timely file a petition may constitute good cause to excuse a delay, *see Gonzales v. State*, 118 Nev. 590, 595, 53 P.3d 901, 904 (2002), Duenas merely speculated below that his purportedly timely pro se petition got lost somewhere and has not specifically alleged any facts constituting official interference. As Duenas did not make specific factual allegations on which relief could be granted, his statement regarding official interference is a bare allegation, and the district court did not err in denying the petition without an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984).

Having considered Duenas' contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, C.J.
Gibbons

_____, J.                    _____, Sr. J.
Parraguirre                                     Douglas

---

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Kenneth C. Cory, District Judge
       Karen A. Connolly, Ltd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk