# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DOMONIC RONALDO MALONE,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 80492 |
| DOMONIC RONALDO MALONE,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 80493 |

FILED

FEB 1 6 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated pro se appeals from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge. Appellant Domonic Ronaldo Malone argues that the district court erred in denying his petition as procedurally barred. We affirm.

Malone filed the petition five years after remittitur issued on his direct appeal. *Malone v. State*, Docket No. 61006 (Order of Affirmance, December 18, 2013). Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because he had previously litigated a postconviction petition for a writ of habeas corpus. *See* NRS 34.810(2); *Malone v. State*, Docket No. 73000 (Order of Affirmance, February 15, 2018). Malone's petition was procedurally barred absent a

---

[1]Having considered appellant's pro se brief, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

21-04490

demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition and that the petitioner raised the claim within a reasonable time after the factual or legal basis for it became available. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Malone argues that the Supreme Court's recent decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause. He is mistaken, as he filed his petition more than one year after *McCoy* was decided and therefore did not raise his claim based on *McCoy* within a reasonable time after it became available. *See Rippo v. State*, 134 Nev. 411, 422, 423 P.3d 1084, 1097 (2018) (concluding that a claim is raised within a reasonable time when the petition is filed within one year after the factual or legal basis for claim became available).

Even if Malone's alleged limited access to the law library amounted to government interference that impeded him from filing the petition sooner, *cf. Gonzales v. State*, 118 Nev. 590, 595, 53 P.3d 901, 904 (2002), *McCoy* still does not provide good cause because it is distinguishable. *McCoy* holds that an attorney may not concede a defendant's guilt of a charged crime where the defendant expressly objects or insists on maintaining his or her innocence. 138 S. Ct. at 1509. *McCoy* did not hold that a defendant must expressly consent to a concession or that a canvass must precede a concession. *See id.*; *see also Florida v. Nixon*, 543 U.S. 175, 186-92 (2004) (rejecting notion that concession strategy requires express consent or that it is the functional equivalent of a guilty plea).[2] Here, the

---

[2]Notably, *McCoy* did not alter the holding in *Nixon*. *McCoy*, 138 S. Ct. at 1509.

record repels Malone's claim that trial counsel conceded his guilt as to any of the charged offenses. Although counsel acknowledged evidence that showed Malone was with the other perpetrator at certain times on the night of the murders, counsel argued that that the evidence did not support a conclusion that Malone was with the other perpetrator when the murders were committed. That argument is not a concession of guilt. Even if it were, Malone never expressly objected. Because *McCoy* is distinguishable, we need not decide whether *McCoy* applies retroactively. Accordingly, Malone has not shown that *McCoy* provides good cause, and the district court correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Having considered Malone's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Michael Villani, District Judge
Domonic Ronaldo Malone
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

