WILLIAM A. KELLOGG, APPELLANT, *v.* JOURNAL COMMUNICATIONS, DBA KTNV-TV-13, A DIVISION OF WTMJ, INC., RESPONDENT.

No. 22561

CHRISTOPHER JOSEPH GOLINI, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 22890

July 14, 1992                                                    835 P.2d 12

---

[7]The Honorable Peter I. Breen, Judge of the Second Judicial District Court, was designated by the Governor to sit in the place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const., art. 6, § 4.

*William A. Kellogg,* In Proper Person, for appellant William A. Kellogg.

*Kamer & Ricciardi,* Las Vegas, for Respondent Journal Communications.

*Christopher J. Golini,* In Proper Person, for Appellant Christopher J. Golini.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, Clark County, for Respondent State of Nevada.

## OPINION

*Per Curiam:*

Docket No. 22561 is a proper person appeal from an order of the district court granting respondent summary judgment in a civil action. The record reveals that the district court entered its order granting summary judgment on May 7, 1991, and that notice of entry of judgment was served by mail on appellant on May 8, 1991. Appellant did not file his notice of appeal, however, until June 12, 1991, after the expiration of the thirty-day appeal period prescribed by NRAP 4(a). Accordingly, on December 26, 1991, we dismissed this appeal for lack of a timely notice of appeal. *See* Rust v. Clark Cty. School District, 103 Nev. 686, 688, 747 P.2d 1380, 1381 (1987) (an untimely notice of appeal fails to vest jurisdiction in this court). Appellant has submitted in proper person a petition for rehearing.[1]

---

[1]Although appellants have not been granted permission to file documents in these matters in proper person, *see* NRAP 46(b), we have received and

Docket No. 22890 is a proper person appeal from an order of the district court denying a motion for an amended judgment of conviction to include jail time credit. The record reveals that the district court entered its order denying appellant's motion on October 4, 1991. Appellant did not file his notice of appeal, however, until November 5, 1991, after the expiration of the thirty-day appeal period prescribed by NRAP 4(b). Accordingly, on February 20, 1992, we dismissed this appeal for lack of a timely notice of appeal. *See* Jordon v. Director, Dep't of Prisons, 101 Nev. 146, 148, 696 P.2d 998, 999 (1985) (an untimely notice of appeal fails to vest jurisdiction in this court). Appellant has submitted in proper person a petition for rehearing.[2]

On rehearing, appellants have provided this court with documents establishing that they delivered their notices of appeal to prison officials before the appeal periods expired. Appellants contend that, for purposes of determining the timeliness of a notice of appeal pursuant to NRAP 4, the notice of appeal should be considered filed on the date it is delivered to a prison official.

Appellants argue persuasively that prisoners have no control over when their notices of appeal are actually filed. After they deliver their notices of appeal to prison officials, they must rely on the prison officials and the mail service to get their notices to the clerks of the district courts in a timely fashion. Because substantial rights depend on the date of filing of a notice of appeal, appellants argue that they should be deemed to have complied with the rule when they have done all in their power to comply.

Appellants further contend in this case that they relied on an administrative prison directive, A.D. #47-91, to their detriment. Appellants argue that the prison regulation states that notices of appeal will be considered filed on the date they are given to a prison official, and requires prison officials to keep a log of when notices of appeal are received from prisoners. Appellants claim that they believed their notices of appeal would be timely if given to a prison official before the appeal period expired. Because they were misled by the state, appellants argue that the state should be estopped from asserting that their notices of appeal were untimely.

A.D. #47-91, promulgated in January of 1991 and prominently displayed in all prison libraries, provides in relevant part:

---

considered appellants' proper person documents. Cause appearing, we direct the clerk of this court to file appellants' proper person petitions for rehearing, and respondent's answer to the petition for rehearing in Docket No. 22561.

[2]Because the issues in these two petitions for rehearing are identical, we have consolidated these appeals for purposes of resolving these proper person petitions only.

> The Supreme Court has held that under Federal Rules of Appellate Procedure 4(a)(1), a pro se inmate's Notice of Appeal is "filed" at the moment of delivery to prison authorities for forwarding to the district court.
>
> Therefore, the following procedure will be strictly adhered to regarding Notice of Appeals [sic] only . . . .

The "Supreme Court" referred to in the regulation is the United States Supreme Court, but the regulation does not so state. Thus, the notice is clearly misleading to prisoners. More importantly, a prisoner acting in proper person cannot personally deliver his notice of appeal to the clerk of the district court, nor can he monitor the process by which the notice is transmitted to the clerk of the district court. After he delivers the notice of appeal to prison officials, as he is constrained to do, he must rely on the vagaries of the prison mail system to deliver his notice in a timely fashion. Further, if his notice of appeal is not file stamped by the clerk of the district court, he has no means of determining who is to blame for delay, or of proving when the notice was actually received by the court clerk. The proper person litigant who is incarcerated stands in a position very different from all other litigants, whether represented by counsel or acting in proper person.

The United States Supreme Court, construing federal rules identical in all relevant respects to NRAP 4, held that a notice of appeal submitted by a prisoner acting in proper person must be deemed "filed" for purposes of determining timeliness on the date it is delivered into the hand of a prison official. Houston v. Lack, 487 U.S. 266 (1988). Although this ruling is not binding on this court in our interpretation of the requirements of our rules of appellate procedure, we find the reasoning of the United States Supreme Court to be sound, and the arguments of appellants in this and similar cases to be compelling. Further, because the prisons already keep logs of when notices of appeal are received from prisoners, it would not create any additional burden on the prisons, nor would it create any significant burden on the courts, to conclude, as did the United States Supreme Court, that a proper person notice of appeal is filed on the date of delivery to a prison official. We therefore adopt the holding and reasoning of the United States Supreme Court.

Accordingly, we conclude that appellants' notices of appeal were timely under NRAP 4. We grant appellants' petitions for rehearing, and we reinstate these appeals.[3]

---

[3]These appeals shall stand submitted for decision on the records on file herein, without further briefing or oral argument.