GREGORY RONALD MILTON, Appellant, v. NEVADA
DEPARTMENT OF PRISONS, Respondent.

No. 38251

May 14, 2003                    68 P.3d 895

[Rehearing denied June 18, 2003]

*Gregory Ronald Milton,* Lovelock, in Proper Person.

*Brian Sandoval,* Attorney General, and *T. Laura Lui,* Deputy
Attorney General, Carson City, for Respondent.

Before Rose, Maupin and Gibbons, JJ.

## OPINION

*Per Curiam:*

Gregory Ronald Milton appeals from a district court order dismissing his personal injury complaint against the Nevada Department of Prisons on the basis that the statute of limitations had expired.

Milton, an inmate at the Lovelock Correctional Center, attempted to commence a negligence action against the Department in connection with an incident alleged to have occurred at the Lovelock prison facility on January 8, 1999. Because the Sixth Judicial District Court Clerk did not receive the complaint until

January 10, 2001, the district court, upon motion of the Department, entered its order of dismissal pursuant to NRS 11.190(4), the applicable Nevada statute of limitation governing actions for personal injuries.[1]

On appeal, Milton contends that he handed the complaint to prison officials for filing on January 5, 2001, and that, because incarcerated persons may not file legal documents of any kind except through the assistance of prison officials, his complaint should be deemed filed on that date for statute of limitation purposes. Milton's argument that he met the applicable filing deadline as required under NRS 11.190(4) raises a pure question of law, which we review de novo.[2]

Milton asks us to apply what has come to be known as the "prison mailbox rule," adopted by this court in *Kellogg v. Journal Communications*,[3] to the filing of his civil complaint. In *Kellogg*, we held that notices of appeal in civil or criminal cases submitted by incarcerated proper person litigants to prison officials are deemed filed for the purposes of timeliness on the date of delivery into the hands of prison officials.[4] Thus, we reinstated appeals that were dismissed for failure to file notices of appeal within the jurisdictional time limit of thirty days under NRAP 4(a).[5] Accordingly, the prison official's hands become the "mailbox" in such an instance.

We noted in *Kellogg* that prisoners have no control over the "vagaries" of the prison mail system or the processes of filing documents once handed over to facility officials.[6] We also accepted the notion that, because substantial rights depend on the date of filing of a notice of appeal, unrepresented prisoner litigants should be deemed to have complied with NRAP 4(a) when they have done all in their power to comply.[7]

---

[1]NRS 11.190(4)(e) requires that actions seeking damages for personal injuries must be brought within two years from the date upon which the cause of action arises.

[2]*See Pressler v. City of Reno,* 118 Nev. 506, 509, 50 P.3d 1096, 1098 (2002).

[3]108 Nev. 474, 477, 835 P.2d 12, 13 (1992).

[4]*Id.* In *Kellogg,* we embraced the United States Supreme Court decision in *Houston v. Lack,* 487 U.S. 266 (1988), construing federal appellate procedural rules identical to our own.

[5]*Kellogg,* 108 Nev. at 477, 835 P.2d at 13; *see also Rust v. Clark Cty. School District,* 103 Nev. 686, 688, 747 P.2d 1380, 1381 (1987) (an untimely notice of appeal fails to vest jurisdiction in this court).

[6]*Kellogg,* 108 Nev. at 477, 835 P.2d at 13.

[7]*Id.* at 476, 835 P.2d at 13.

Milton asks us to extend *Kellogg* beyond notices of appeal to the filing of pleadings commencing any civil action. We decline his invitation to do so.

Recently, in *Gonzales v. State*,[8] we refused to extend the "mailbox rule" to the statutory deadlines for filing post-conviction petitions for writs of habeas corpus.[9] In *Gonzales,* we noted the distinction between the timeliness problems in filing notices of appeal, which must be accomplished within thirty days, and the timeliness problems attendant to petitions for post-conviction relief, which are subject to deadlines of an entire year and possibly longer, in the event good cause for delay in filing the petition is shown. Thus, we concluded that the "vagaries" of a prison mail system do not have the potential for prejudice in connection with procedures that must be commenced within longer time frames, in opposition to procedures burdened by very short deadlines, *i.e.,* thirty days.[10]

In this instance, Milton had two years from the date of his injuries within which to file his lawsuit. As in *Gonzales,* we find no compelling policy reason to create a blanket "mailbox" rule for the filing of complaints for personal injuries.

Accordingly, the judgment below dismissing Milton's action is affirmed.[11]

---

[8]118 Nev. 590, 53 P.3d 901 (2002).

[9]See NRS 34.726(1), which provides in pertinent part as follows:

Unless there is good cause shown for delay, a petition that challenges the validity of a judgment or sentence must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the supreme court issues its remittitur.

[10]118 Nev. at 595, 53 P.3d at 903-04.

[11]Milton claims that he placed the summons and complaint in the hands of prison officials before the expiration of the limitation period set forth in NRS 11.190(4). The Department acknowledges that it received an envelope addressed to the district court on January 5, 2001, but does not concede that the envelope contained the process against it. We do not foreclose Milton the right to relief under NRCP 60(b), or via independent action, to establish via evidentiary hearing that the delay in delivery was the result of some mischief. However, he can only obtain relief if fraud is shown. Again, if the innocent "vagaries" of the prison mail system caused the delay, the expiration of the limitation period must fall on Milton; after all, he had two years to commence this action.