This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                    **NO. 28,627**

**PAUL ANTHONY FORE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

McGarry Law Office
Kathleen McGarry
Glorieta, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

        Defendant appeals his conviction of two counts of child abuse (intentionally

and negligently inflicted) pursuant to NMSA 1978, Section 30-6-1(D)(2) (2004) (amended 2009). Defendant raises four issues on appeal: (1) the district court abused its discretion by allowing testimony regarding two uncharged domestic violence incidents; (2) the district court abused its discretion by denying his motions to excuse the entire jury panel or to excuse individual jurors for cause; (3) the district court erred by convicting Defendant of two counts of child abuse even though he was only charged with one count; and (4) there was insufficient evidence for Defendant's conviction. We reverse and remand this case to the district court for a new trial because the district court abused its discretion by admitting evidence of uncharged domestic violence incidents, resulting in prejudicial error to Defendant. Although Defendant had concerns regarding Juror 22's negative comment during voir dire, we do not reach this issue because we determine that Defendant should be granted a new trial on other grounds. Similarly, we do not reach Defendant's argument regarding sufficiency of the evidence.

**DISCUSSION**

**I. Indictment With One Count of Child Abuse**

Defendant argues that the district court erred in sentencing him on two counts of child abuse because he was indicted on only one count of child abuse with four alternative grounds. At oral argument, the State conceded that the judgment and

sentence should be modified to vacate one of the convictions. Because we ultimately reverse both convictions and remand to the district court for a new trial based on the improper admission of uncharged acts, we need not address the State's concession of the error in the judgment and sentence further. However, we analyze Defendant's conviction based upon only one count of child abuse.

**II. Testimony Regarding Uncharged Domestic Violence Incidents**

Defendant argues that the district court abused its discretion by allowing testimony regarding two uncharged acts of domestic violence that were allegedly committed by Defendant against B.B.'s (Victim's) mother. Defendant raises alternative bases for granting him a new trial: (1) the district court abused its discretion by not granting him a mistrial after Victim's mother testified regarding the uncharged acts in violation of the court's ruling; and (2) the district court abused its discretion by allowing the testimony under Rules 11-403 and 11-404(B) NMRA 2008. Because we rule for Defendant based upon the district court's abuse of discretion in admitting testimony of uncharged acts under Rule 11-404(B), we do not address Defendant's alternative argument.

**A. Factual and Procedural History**

The first uncharged domestic violence incident occurred following a dispute between Defendant and Victim's mother regarding Victim's use of a pacifier.

Defendant took away Victim's pacifier because he thought it was causing Victim's thrush condition. Victim's mother testified that she did not remember what Defendant did with the pacifier, but she thought he threw it in Victim's direction or the direction of the crib. Defendant did not actually hit Victim with the pacifier, and Victim's mother testified that she did not think that he intended to hit Victim. Victim's mother gave the pacifier back to Victim and then walked into a separate room at the other end of the house. Victim's mother then testified that Defendant grabbed her and knocked her head into a windowsill (the window incident). The second incident at issue involves Victim's mother's testimony that on another occasion, Defendant shoved her face into a mattress and threatened her (the mattress incident).

Prior to trial, Defendant filed a motion in limine to exclude "[a]ny testimony by [Victim's mother] regarding domestic violence or abuse by Defendant." After hearing the motion in chambers, the district court ruled, "[I]n that context within which the pacifier was thrown—what it is that [Defendant] did to [Victim's mother] in that same circumstance, that's the only domestic violence reference we'll allow." The district court clarified that the State could elicit testimony regarding what Defendant did to Victim's mother in the context of the pacifier incident, but not "prior circumstances and situations."

During trial, Victim's mother testified regarding the window incident without

4

objection by Defendant. Subsequently, however, Defendant objected to testimony regarding the mattress incident and moved for a mistrial based upon the violation of the district court's earlier ruling on the motion in limine. In response, the State argued that it did not solicit the testimony and that it was not "any more damaging to [D]efendant than what ha[d] already come out." The district court denied Defendant's motion for mistrial but instructed the State to start directing the witness because the State was "letting her go way too far."

**B. Preservation**

The State argues that Defendant did not preserve the issue of whether the district court abused its discretion by allowing testimony regarding the window incident under Rule 11-404(B). Specifically, the State argues that even though the district court had already ruled on whether the incident was admissible in response to Defendant's motion in limine, Defendant was required to object to the testimony during trial in order to preserve the issue. We disagree.

To preserve an issue for appeal, "it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked." *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (internal quotation marks and citation omitted). Here, Defendant raised the issue of whether uncharged

acts of domestic violence were admissible under Rule 11-404(B) through his motion in limine. The district court ruled that the uncharged act of domestic violence associated with the pacifier incident was relevant and admissible to show context. By raising the issue with sufficient specificity and invoking a ruling, Defendant preserved the issue. Defendant was not required to object to the testimony during trial because the district court had already specifically ruled that the testimony was admissible. *See Robertson v. Carmel Builders Real Estate*, 2004-NMCA-056, ¶ 33, 135 N.M. 641, 92 P.3d 653 (determining that an issue was preserved by a motion in limine); *see also State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829 (reasoning that a defendant is required to object to testimony only if it exceeds the scope of pretrial motions).

**C. Rule 11-404(B) Analysis**

Defendant argues that the district court abused its discretion by ruling that testimony regarding uncharged domestic violence was admissible under Rules 11-404(B) and 11-403.

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Rule

6

11-404(B).  This rule "prohibits the use of otherwise relevant evidence when its sole purpose or effect is to prove criminal propensity."  *State v. Gallegos*, 2007-NMSC-007, ¶ 22, 141 N.M. 185, 152 P.3d 828.  Evidence of other acts may, however, be admissible if it is relevant to a non-character purpose either listed or illustrated by the rule.  *Id.*  Before evidence of other acts may be admitted for a non-character purpose, the proponent of the evidence must fulfill two requirements.  First, the proponent must "identify and articulate the consequential fact to which the evidence is directed."  *Id.*  Second, even if the evidence is relevant to a material issue other than propensity to commit a crime, the district court "must determine that the probative value of the evidence outweighs the risk of unfair prejudice, pursuant to Rule 11-403."  *State v. Otto*, 2007-NMSC-012, ¶ 10, 141 N.M. 443, 157 P.3d 8.

We review a district court's admission of evidence under Rule 11-404(B) for abuse of discretion.  *State v. Sena*, 2008-NMSC-053, ¶ 12, 144 N.M. 821, 192 P.3d 1198.  An abuse of discretion "occurs when the court's ruling is clearly against the logic and effect of the facts and circumstances of the case.  We cannot say the trial court abused its discretion . . . unless we can characterize it as clearly untenable or not justified by reason."  *Id.* (internal quotation marks and citation omitted).

First, we determine whether the State articulated a consequential fact other than propensity to which the evidence of the uncharged domestic violence incidents were

7

directed. At the district court level, the State failed to articulate any reason under Rule 11-404(B) for admitting testimony regarding the mattress incident. Regarding the window incident, the district court ruled that testimony regarding what Defendant did to Victim's mother was admissible to show the context in which the pacifier was thrown. We have recognized that evidence of uncharged acts may be admissible to provide context for the charged act. *State v. Dietrich*, 2009-NMCA-031, ¶ 44, 145 N.M. 733, 204 P.3d 748 (holding that nude photographs of two victims that were found on the defendant's computer were admissible to corroborate the victims' testimony and provide context for the charged acts); *State v. Crump*, 82 N.M. 487, 494-95, 484 P.2d 329, 336-37 (1971) (holding that other criminal acts committed by the defendant against the same victim were admissible where they were not independent of the charged crime, provided an explanation of the crime, and were incidental to it). Factually, Defendant's case is distinguishable because the window incident was independent of the acts supporting the child abuse charge and was not explanatory or incidental to the child abuse charge. The window incident occurred after the relevant pacifier incident had been completed, the window incident occurred in a different room from Victim and the location of the pacifier incident, the window incident did not involve Victim, and the window incident was substantially more violent than the relevant pacifier incident. Consequently, the window incident was

independent of the charged crime of child abuse against Victim, did not provide explanation for the charged crime of child abuse, and was not incidental to the pacifier incident. As a result, the district court erred by admitting testimony of the window incident to show context for taking and throwing the pacifier.

On appeal, the State now argues that the uncharged acts of domestic violence were properly admitted to show intent and absence of mistake or accident. However, we determine that Defendant was not given a fair opportunity to respond to the facts underlying these new arguments at the district court level. An appellate court may affirm on grounds not relied upon by the district court "unless those grounds depend on facts that [the defendant] did not have a fair opportunity to address in the proceedings below." *State v. Torres*, 1999-NMSC-010, ¶ 22, 127 N.M. 20, 976 P.2d 20. In *Otto*, the Court affirmed the admission of other acts as evidence to show intent and absence of mistake, even though the district court admitted the evidence on another ground. 2007-NMSC-012, ¶ 12. In *Otto*, the state argued at a pre-trial hearing in district court that other bad acts evidence should be admitted to show intent and absence of mistake. *Id.* ¶ 3. Although the district court admitted the evidence on another ground, the defendant in *Otto* had a full opportunity to respond to the state's alternative theory based upon intent and absence of mistake during the district court hearing. *Id*. ¶¶ 3, 12. Defendant did not have the same opportunity in this case

9

regarding the issues of intent and absence of mistake.

Unlike *Otto*, the State failed to make a record in the district court regarding why the uncharged conduct was admissible under Rule 11-404(B). Consequently, we have no indication that Defendant had an opportunity to respond to the State's arguments or address the underlying factual issues that may have been relevant to address the issues of intent and absence of mistake. We decline to speculate regarding whether the district court would have found these grounds applicable and the evidence sufficiently probative to overcome any unfair prejudice to Defendant. *See Gallegos*, 2007-NMSC-007, ¶¶ 24-25 (addressing the state's argument on appeal while reaffirming the proponent's obligation to present the Rule 11-404(B) evidence and argument in district court); *see also State v. Aguayo*, 114 N.M. 124, 132, 835 P.2d 840, 848 (Ct. App. 1992) (holding that it was prejudicial error to admit evidence of uncharged conduct where the Court was unable to determine whether the district court properly balanced admission of the testimony against its prejudicial effect, due to the state's failure to articulate why a non-character purpose applied). Without such evidence or argument, we are not convinced that evidence of uncharged acts of domestic violence against Victim's mother is admissible to show Defendant's intent or absence of mistake in committing child abuse against Victim.

We determine that the State failed to meet its burden of articulating a

consequential fact other than propensity to which the evidence of the uncharged domestic violence incidents were directed. Consequently, admission of testimony regarding acts of domestic violence created a substantial risk that the jury would convict Defendant "for crimes other than those charged—or that, uncertain of guilt, it [would] convict anyway because a bad person deserves punishment." *Gallegos*, 2007-NMSC-007, ¶ 21 (internal quotation marks and citation omitted). The district court, therefore, erred by admitting evidence of the uncharged domestic violence incidents under Rule 11-404(B).

Having determined that the district court erred in admitting testimony of uncharged domestic violence incidents under Rule 11-404(B), we do not need to analyze whether the district court also abused its discretion when it failed to weigh whether the probative value of utilizing the uncharged acts to show context or for other non-character purposes outweighed the risk of unfair prejudice to Defendant under Rule 11-403. *Gallegos*, 2007-NMSC-007, ¶¶ 38-39. Instead, we next consider whether the Rule 11-404(B) error was harmless. *Id.*

When evidence is improperly admitted under Rule 11-404(B), we apply "the non-constitutional standard for the harmless error analysis." *State v. Branch*, 2010-NMSC-042, ¶ 15, ___ N.M. ___, 241 P.3d 602. "[A] non-constitutional error is harmless when there is no reasonable *probability* the error affected the verdict." *Id.*

11

(alteration in original) (internal quotation marks and citation omitted). We consider three factors in conjunction to determine the probability of whether the error affected the verdict: "[W]hether there is: (1) substantial evidence to support the conviction without reference to the improperly admitted evidence; (2) such a disproportionate volume of permissible evidence that, in comparison, the amount of improper evidence will appear minuscule; and (3) no substantial conflicting evidence to discredit the State's testimony." *Id.* (alteration in original) (internal quotation marks and citation omitted).

First, we must determine whether there was still substantial evidence to support Defendant's child abuse conviction if the testimony regarding the two domestic violence incidents had been excluded. The jury found Defendant guilty of intentionally or negligently causing Victim to be "tortured, cruelly confined or cruelly punished" pursuant to Section 30-6-1(D)(2). We "view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *State v. Graham*, 2005-NMSC-004, ¶ 6, 137 N.M. 197, 109 P.3d 285 (internal quotation marks and citation omitted). We also recognize that evidence of child abuse may be either direct or circumstantial. *Id.* ¶ 10. In this case, Victim's mother testified regarding the pacifier incident as well as two additional incidents where she discovered marks, bruises, or cuts on Victim after

Victim had been in contact with Defendant. The investigating detective and the nurse practitioner who examined Victim both testified that some of Victim's bruises were consistent with child abuse. Finally, photographs of Victim's bruises and other direct evidence of Victim's condition were admitted. Consequently, we conclude that there was sufficient evidence presented to uphold Defendant's conviction and satisfy the first factor in our analysis.

In this particular trial, however, the impermissible testimony regarding the two domestic violence incidents was not minuscule in relation to the permissible evidence. We "assess the impermissible evidence in light of the permissible evidence, the disputed factual issues, and the essential elements of the crime charged. Our focus is not limited to the quantity of permissible evidence, but, rather, encompasses the quality of that evidence and its likely impact on the jury." *State v. Bullcoming*, 2010-NMSC-007, ¶ 39, 147 N.M. 487, 226 P.3d 1. The State argues that either of two incidents supports Defendant's conviction, one which allegedly occurred while Defendant was alone babysitting Victim, and one which allegedly occurred while Victim's mother was asleep and no other witnesses were present. Because the State's evidence that Defendant either intentionally or negligently committed child abuse was circumstantial, direct evidence that Defendant abused and threatened Victim's mother was particularly prejudicial. *See State v. Johnson*, 2004-NMSC-029, ¶¶ 35-37, 136

13

N.M. 348, 98 P.3d 998 (concluding that the error of admitting eyewitness testimony was not minuscule and consequently not harmless where it provided the only direct evidence of the defendant's intent to commit armed robbery even though there was sufficient circumstantial evidence to support the conviction). Indeed, the State even acknowledged the prejudicial effect of Victim's mother's testimony by arguing that testimony regarding the mattress incident was not any more damaging to Defendant than prior testimony. Based upon the quality of direct evidence compared to circumstantial evidence, we similarly conclude that Victim's mother's eyewitness testimony regarding the domestic violence incidents was not cumulative of the circumstantial evidence of domestic violence derived from Defendant's repeated phone calls to Victim's mother. *See id.* ¶ 39 (reasoning that evidence is not cumulative unless it is "so redundant that its corroborative effect is negligible"). As a result, we determine that Victim's mother's testimony regarding uncharged acts of domestic violence was not minuscule and that this factor does not weigh in favor of harmless error.

Finally, substantial conflicting evidence tended to discredit the State's testimony. Defendant testified that he was not with Victim on the day of the first alleged child abuse incident. On the day of the second alleged child abuse incident, both Defendant and Victim's mother were with Victim, Victim's mother did not

witness Defendant abuse Victim, and Victim's mother testified that Defendant denied injuring Victim. Defendant testified that he never hit Victim, and Victim's mother similarly testified that she never saw Defendant strike Victim. In contrast, Victim's mother testified that Victim frequently received bruises at daycare and that Victim sometimes fell and hit herself on the rail of her crib. Finally, Victim had multiple health conditions, including failure to thrive and dermatitis, and the nurse practitioner testified that dermatitis and child's play accounted for some of the bruises. Because Defendant's testimony directly contradicted the State's evidence and the State's evidence was internally contradictory, we conclude that substantial conflicting evidence was introduced to discredit the State's testimony. *See State v. Soto*, 2007-NMCA-077, ¶ 24, 142 N.M. 32, 162 P.3d 187 (concluding that substantial evidence discredited the state's evidence where the defendant testified and directly contradicted testimony of the state's witnesses); *see also State v. Tave*, 1996-NMCA-056, ¶ 17, 122 N.M. 29, 919 P.2d 1094 (determining that substantial evidence discredited the state's evidence where conflicting testimony existed such that the outcome depended upon which witnesses the jury found more credible).

When considering the circumstantial evidence supporting the child abuse conviction conjunctively with the significant impermissible evidence and substantial conflicting testimony, we determine that a reasonable probability exists that the

district court's error in admitting testimony of the uncharged domestic violence incidents materially affected the verdict. Consequently, we conclude that the district court's error was not harmless and actually prejudiced Defendant.

**CONCLUSION**

The district court abused its discretion by admitting testimony of Defendant's uncharged conduct contrary to Rule 11-404(B), and that error caused actual prejudice to Defendant at his trial. As a result, we reverse Defendant's conviction and remand this case to the district court for a new trial.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**ROBERT E. ROBLES, Judge**

16