An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARVIN D. PERKINS,
                    Appellant,
        vs.
JAMES GREG COX, DIRECTOR; AND
NEVADA DEPARTMENT OF
CORRECTIONS,
                    Respondents.

No. 67732

FILED

JUN 2 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
        DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is a pro se appeal from an order of the district court granting in part and denying in part appellant's post-conviction petition for a writ of habeas corpus.

This court's preliminary review of this appeal revealed a potential jurisdictional defect. Specifically, the district court entered the judgment of conviction on February 13, 2015, and the clerk of the district court served notice of entry of the order by United States mail on February 17, 2015. Appellant's notice of appeal was due on March 23, 2015. *See* NRS 34.575 (providing that an appeal may be filed from an order denying a petition for a writ of habeas corpus within 30 days after service by the district court of written notice of entry of the order); NRAP 26(a) (providing that if the last day of the designated time period falls on a Saturday, Sunday, or nonjudicial day, the period shall be extended until the end of the next day which is not a Saturday, Sunday, or nonjudicial day); NRAP 26(c) ("Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon him and the paper

15-18998

is served by mail, three (3) days shall be added to the prescribed period."). Appellant's notice of appeal, however, was not filed in the district court until March 31, 2015, eight days beyond the relevant appeal period. "[A]n untimely notice of appeal fails to vest jurisdiction in this court." *Lozada v. State*, 110 Nev. 349, 352, 871 P.2d 944, 946 (1994).

Under this court's holding in *Kellogg v. Journal Communications*, if appellant delivered his notice of appeal to a prison official for mailing on or before March 23, 2015, his notice of appeal would be deemed timely filed. 108 Nev. 474, 477, 835 P.2d 12, 13 (1992) (holding that a notice of appeal is deemed "filed" when it is delivered to a prison official). Likewise, NRAP 4(d) provides that a notice of appeal "is timely if it is delivered to a prison official for mailing on or before the last day for filing." NRAP 4(d) further provides that when the prison has a notice of appeal log or another system designed for legal mail, the prisoner must use the logs to receive the benefit of this rule. Because appellant signed his notice of appeal on March 23, 2015, this court directed the attorney general to obtain and transmit a copy of the notice of appeal log. If appellant did not use the notice of appeal log, the attorney general was to inform this court whether appellant used any other logs.

On June 3, 2015, the attorney general submitted a timely response. The attorney general indicates that the prison maintains both a notice of appeal log and a legal mail log. It appears that appellant did not use the notice of appeal log, but did use the legal mail log on March 24, 2015, one day after the date appellant's notice of appeal was due. This court's decision in *Kellogg* contemplates that the date of delivery of the notice of appeal to a prison official will be determined by the date recorded

in the prison mail log. *Id.* at 476-77, 835 P.2d at 13. Because appellant's notice of appeal was untimely delivered to prison officials, we

ORDER this appeal DISMISSED.

_____, J.
Saitta

_____, J.        _____, J.
Gibbons                                Pickering

cc:    Hon. Kathleen E. Delaney, District Judge
       Marvin D. Perkins
       Attorney General/Las Vegas
       Eighth District Court Clerk