An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICK SHAWN,
               Appellant,
        vs.
THE STATE OF NEVADA,
               Respondent.

No. 66377

**FILED**

JUN 30 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK



### ORDER DISMISSING APPEAL

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Our initial review of this appeal indicated that it was untimely filed. Notice of entry of the district court's order denying appellant's post-conviction petition for a writ of habeas corpus was served by mail on July 1, 2014. Thus, the notice of appeal was required to be filed by August 4, 2014. *See* NRS 34.575(1); NRAP 26(c). Appellant's notice of appeal was not filed in the district court until August 20, 2014, 16 days beyond the appeal period. Accordingly, we directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant has filed a response and a supplemental response, and respondent has submitted a reply.[1]

Appellant asserts that he delivered the notice of appeal to a prison official for mailing on July 26, 2014—within the appeal period—and

---

[1]Respondent's motion for an extension of time to file a reply to the response to the order to show cause is granted. The clerk shall file the reply received on May 14, 2015.

15- 19965

the appeal should be deemed timely filed pursuant to NRAP 4(d). We disagree. NRAP 4(d) requires an inmate confined to an institution to use the notice of appeal log, if available, to receive the benefit of the rule. Appellant concedes that he failed to use the notice of appeal log as required.[2] Accordingly, we conclude that we lack jurisdiction over this appeal, see *Lozada v. State*, 110 Nev. 349, 352, 871 P.2d 944, 946 (1994), and we

ORDER this appeal DISMISSED.

_____, J.
Saitta

_____, J.
Gibbons

PICKERING, J.,dissenting;

Under this court's holding in *Kellogg v. Journal Communications*, 108 Nev. 474, 477, 835 P.2d 12, 13 (1992), if appellant delivered his notice of appeal to a prison official for mailing on or before August 4, 2014, the notice of appeal would be deemed timely filed. Likewise, NRAP 4(d) provides that a notice of appeal "is timely if it is delivered to a prison official for mailing on or before the last day for filing."

_____

[2]We decline to address appellant's contention that NRAP 4(d) is unconstitutional because it is not supported by cogent argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

NRAP 4(d) further provides that when the prison has a notice of appeal log or another system designed for legal mail, the prisoner must use the logs to receive the benefit of this rule.

Here, it appears that appellant delivered his notice of appeal to a prison official for filing on July 26, 2014, within the 30-day appeal period provided by NRS 34.560(2). Although appellant did not use the notice of appeal log, as the majority holds NRAP 4(d) requires, I am not convinced that NRAP 4(d) should be applied to defeat this court's jurisdiction under the unique circumstances of this case, especially where our prior orders in this appeal stated that appellant's notice of appeal would be deemed timely filed pursuant to NRAP 4(d) if he could provide documentation establishing that he timely delivered the notice of appeal to a prison official for mailing. Given our prior orders and appellant's timely delivery of the notice of appeal to a prison official, NRAP 2 authorizes this court to suspend application of NRAP 4(d). I would do so and allow this appeal to proceed.

_____Pickering_____, J.
Pickering

cc:  Chief Judge, Eighth Judicial District Court
     Carmine J. Colucci & Associates
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk
     Rick Shawn