*1085
 
 OPINION
 

 Per Curiam:
 

 This is a proper person appeal from an order of the district court granting the state’s motion to dismiss appellant’s post-conviction petition for a writ of habeas corpus. For the following reasons, we affirm the district court’s order.
 

 Appellant was convicted on September 27, 1995, of second degree murder and was sentenced to life in the Nevada State Prison with the possibility of parole. On February 27, 1997, almost seventeen months after the entry of the judgment of conviction, appellant filed a notice of appeal from the judgment. He also sought leave to file a belated appeal claiming that his counsel had failed to inform him regarding his rights to a direct appeal. This court dismissed the appeal on March 14, 1997, noting that the notice of appeal was untimely filed and that an untimely notice of appeal fails to vest jurisdiction in this court. Dickerson v. State, Docket No. 29954 (Order Dismissing Appeal,
 
 *1086
 
 March 14, 1997). In its order, this court also noted that, to raise the claim that his counsel had failed to inform him regarding his rights to appeal, appellant’s proper remedy was to file a post-conviction petition for a writ of habeas corpus in the district court pursuant to Lozada v. State, 110 Nev. 349, 871 P.2d 944 (1994).
 
 [1]
 
 On April 2, 1997, this court issued the remittitur.
 

 On April 25, 1997, appellant filed a petition for a writ of habeas corpus in the district court. He claimed that his counsel had been ineffective for failing to inform him that he had a right to appeal, for failing to inform him regarding the procedures for appealing and for failing to file a notice of appeal on his behalf. As a second ground for relief, appellant claimed the state and the district court had violated his rights by misleading him regarding his appeal rights.
 
 [2]
 

 Appellant further contended that his petition was timely filed because he had filed it well within one year of the issuance of the remittitur from his untimely direct appeal. NRS 34.726(1) provides:
 

 Unless there is good cause shown for delay, a petition that challenges the validity of a judgment or sentence[
 
 3
 
 ] must be filed within 1 year after entry of the judgment of conviction or,
 
 if an appeal has been taken from the judgment, within 1 year after the supreme court issues its remittitur.
 
 For the purposes of this subsection, good cause for delay exists if the petitioner demonstrates to the satisfaction of the court:
 

 (a) That the delay is not the fault of the petitioner; and
 

 (b) That dismissal of the petition as untimely will unduly prejudice the petitioner.
 

 (Emphasis added.)
 

 The district court ordered the state to respond to the petition; the state filed an answer and a motion to dismiss. The state argued that the appeal referred to in NRS 34.726(1) must be a timely appeal in which jurisdiction is actually vested in the supreme court. An untimely appeal fails to vest jurisdiction in the supreme court.
 
 See Lozada,
 
 110 Nev. at 352, 871 P.2d at 946. Moreover,
 
 *1087
 
 the state claimed, the purpose of the statutory time limits is to prevent petitioners from using post-conviction remedies in perpetuity.
 
 See id.
 
 at 358, 871 P.2d at 950. The district court agreed with the state’s analysis and granted the motion to dismiss the petition. Appellant filed a timely notice of appeal.
 

 We now construe NRS 34.726(1) to mean that the one-year period for filing a post-conviction habeas corpus petition begins to run from the issuance of the remittitur from a
 
 timely
 
 direct appeal to this court from the judgment of conviction or from the entry of the judgment of conviction if no direct appeal is taken. A timely direct appeal is one in which the notice of appeal is filed with the district court within the time period prescribed by statute.
 
 See, e.g.,
 
 NRAP 4. The filing of a timely notice of appeal is a fundamental jurisdictional requirement; without it, this court never obtains jurisdiction over an appeal and has no power to consider the issues raised, no matter how much merit they may have.
 
 See Lozada,
 
 110 Nev. at 352, 871 P.2d at 946; Jordon v. Director, Dep’t of Prisons, 101 Nev. 146, 696 P.2d 998 (1985).
 

 The purpose of a remittitur, aside from returning the record on appeal to the district court, is twofold: it divests this court of jurisdiction over the appeal and returns jurisdiction to the district court, and it formally informs the district court of this court’s final resolution of the appeal. Buffington v. State, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994) (“[¡Jurisdiction in an appeal is vested solely in the supreme court until the remittitur issues to the district court”); Trench v. Strong, 4 Nev. 587, 591 (1868) (the object of a remittitur “is to fully notify the lower court of the judgment of the appellate tribunal”). In the case of an untimely appeal, the primary purpose of the remittitur is to remove or transfer to the district court the matter from this court’s docket and to inform the district court that this court never obtained jurisdiction over the appeal and the district court was never divested of jurisdiction. In the case of an untimely appeal, no “appeal has been taken from the judgment” within the meaning of NRS 34.726(1) because nothing has actually happened.
 

 Moreover, to construe the statute any other way would lead to absurd results.
 
 See
 
 Moody v. Manny’s Auto Repair, 110 Nev. 320, 325, 871 P.2d 935, 938 (1994) (a statute should always be construed so as to avoid absurd results) (quoting Welfare Div. v. Washoe Co. Welfare Dep’t, 88 Nev. 635, 637-38, 503 P.2d 457, 458-59 (1972)); Las Vegas Sun v. District Court, 104 Nev. 508, 511, 761 P.2d 849, 851 (1988) (the interpretation of statutes should be reasonable and avoid absurd results). If the appeal
 
 *1088
 
 referred to in NRS 34.726(1) meant any appeal, whether this court obtained jurisdiction or not, petitioners would be able to file successive notices of appeal year after year and thus perpetually re-start the one-year limitation period. Clearly, this is not what the legislature envisioned. Indeed, this court has already noted that the statutory time periods are intended to prevent such results. “Without such limitations on the availability of post-conviction remedies, prisoners could petition for relief in perpetuity and thus abuse post-conviction remedies.”
 
 Lozada,
 
 110 Nev. at 358, 871 P.2d at 950.
 

 While we hold that the one-year time period in NRS 34.726(1) runs from the issuance of a remittitur from a timely direct appeal to this court, we also stress, however, that this holding does not affect a petitioner’s ability to overcome the procedural time-bar by a showing of good cause for the delay. Appellant did argue, in his reply to the state’s motion to dismiss his habeas petition, that his counsel’s failure to inform him regarding his right to appeal constituted good cause for his delay. However, this court has recently confirmed that the failure of counsel to inform his or her client of the right to appeal does not alone constitute good cause to overcome the time-bar of NRS 34.726(1). Harris v. Warden, 114 Nev. 956, 964 P.2d 785 (1998). Accordingly, appellant did not demonstrate good cause for filing his petition over one year after the entry of his judgment of conviction.
 

 Having reviewed the record on appeal and for the reasons set forth above, we conclude that the district court did not err in dismissing appellant’s petition, and that briefing and oral argument are unwarranted.
 
 See
 
 Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975),
 
 cert. denied,
 
 423 U.S. 1077 (1976). We affirm the order of the district court.
 
 [4]
 

 [1]
 

 This court expressed no opinion as to whether appellant could satisfy the procedural requirements of NRS chapter 34.
 

 [2]
 

 We decline to reach these allegations because, as this Opinion explains, appellant’s petition is procedurally barred.
 

 [3]
 

 A petition which alleges ineffective assistance of counsel pursuant to Lozada v. State, 110 Nev. 349, 871 P.2d 944 (1994), is a petition which challenges the validity of the conviction or sentence. The petitioner is essentially claiming that, absent his counsel’s ineffectiveness, the outcome of the proceedings would have been different and would have been favorable to the petitioner.
 

 [4]
 

 Although appellant has not been granted permission to file documents in this matter in proper person,
 
 see
 
 NRAP 46(b), we have received and considered appellant’s proper person documents. We deny as moot appellant’s motion for leave to proceed in proper person.