**Kelly Lee TANNER, Petitioner,**

v.

**E.K. MCDANIEL, Respondent.**

No. 02–17333.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.[*]

Decided May 18, 2004.

John C. Lambrose, Esq., Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner.

Robert E. Wieland, DAG, Office of the Attorney General, Reno, NV, for Respondent.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM [**]

Nevada state prisoner Kelly Tanner appeals the dismissal of his 28 U.S.C. § 2254 petition challenging his guilty-plea conviction for first degree murder and battery with intent to commit sexual assault and his sentence of consecutive life terms. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse and remand.

Tanner contends that, although the procedural rule invoked has been held adequate generally, the construction of the rule applicable to this particular set of facts was not announced by the Nevada courts until after the default and therefore renders it inadequate to bar federal habeas review. We agree. We have held that the Nevada procedural rule at issue, section 34.726(1) of the Nevada Revised Statutes, is sufficiently adequate to bar federal habeas review. *Moran v. McDaniel,* 80 F.3d 1261, 1269 (9th Cir.1996). Application of this generally sound rule to the particular circumstances of this case, however, renders the rule inadequate to foreclose federal habeas review. *See Lee v.*

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Kemna,* 534 U.S. 362, 376, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002).

The procedural rule invoked provides that "a petition that challenges the validity of a judgment or sentence must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the supreme court issues its remittitur." Nev.Rev.Stat. § 34.726(1). Tanner's petition for post-conviction relief was in fact filed within 1 year after the Nevada Supreme Court issued its remittitur dismissing his direct appeal as untimely. In dismissing Tanner's petition, however, the Nevada Supreme Court cited *Dickerson v. State,* 114 Nev. 1084, 967 P.2d 1132 (1998), which construed section 34.726(1) to mean that the one-year period for filing a petition for post-conviction relief begins to run from the issuance of the remittitur from a *timely* direct appeal. *Dickerson* was filed after Tanner's default occurred in February 1997. The provision of the rule dispositive of Tanner's petition for post-conviction relief was therefore not "firmly established and regularly followed" at the time it was applied by the state court. *Ford v. Georgia,* 498 U.S. 411, 423–24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991).

**REVERSED AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.