An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAY LORIN SAMORA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62152

**FILED**

JUL 2 3 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant filed his petition on July 25, 2012, more than five years after entry of the judgment of conviction on June 8, 2007.[2] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[3] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1);

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken.

[3]*Samora v. State*, Docket No. 55690 (Order of Affirmance, November 8, 2010).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21581

NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed the petition was timely filed because he filed it within one year of the issuance of the remittitur in his appeal from the denial of a motion for modification of sentence. *Samora v. State*, Docket No. 58748 (Order of Affirmance, March 7, 2012). NRS 34.726(1) provides that a post-conviction petition for a writ of habeas corpus must be filed within one year after the entry of the judgment of conviction or the issuance of the remittitur from the denial of a direct appeal from the judgment of conviction. *Dickerson v. State*, 114 Nev. 1084, 1087, 967 P.2d 1132, 1133-34 (1998). The prior appeal noted by appellant was not a direct appeal from the judgment of conviction. The timely filing date for a post-conviction petition for a writ of habeas corpus was one year after entry of appellant's judgment of conviction on June 8, 2007.

Second, appellant claimed that he has a brain injury, which predated his crime, and has to rely on fellow inmates for assistance with preparation of legal documents. This failed to demonstrate good cause for filing an untimely post-conviction petition.[4] *See Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation, and reliance on the assistance of an inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition).

---

[4]We note that appellant was determined to be competent prior to entry of his plea.

Finally, appellant failed to overcome the presumption of prejudice to the State. Therefore, the district court did not err in dismissing the petition as procedurally barred and barred by laches. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Valorie J. Vega, District Judge
Jay Lorin Samora
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk