# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD E. BENTON, AN INDIVIDUAL,
Appellant,
vs.
JOHN SHELDON, AN INDIVIDUAL,
Respondent.

No. 65296

FILED

MAR 1 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment on a jury verdict in a contract and tort action and from post-judgment orders awarding attorney fees and denying a new trial. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Having considered the parties' arguments and the record, we conclude that substantial evidence supported the jury's verdict with respect to appellant's claims for monies due and owing, breach of agreement, fraud and deceit, and exploitation of an elder. *See Allstate Ins. Co. v. Miller*, 125 Nev. 300, 308, 212 P.3d 318, 324 (2009). In particular, but among other reasons, it was reasonable for the jury to conclude from the evidence presented that appellant intended for the payments totaling $12,000 to be gifts to respondent's daughter. *See Mason-McDuffie Real Estate, Inc. v. Villa Fiore Dev., LLC*, 130 Nev., Adv. Op. 83, 335 P.3d 211, 214 (2014) (indicating that substantial evidence is "that which a reasonable mind might accept as adequate to support a conclusion"

16-08653

(internal quotation omitted))[1]; *Edmonds v. Perry*, 62 Nev. 41, 61, 140 P.2d 566, 576 (1943) (observing that donative intent may be established "from the facts and circumstance surrounding the transaction").

Appellant next contends that a new trial is warranted because (1) he was not given an opportunity to review the verdict form, (2) the verdict form was materially inadequate, and (3) the verdict form contained the watermark of respondent's counsel. Appellant's first basis is belied by the record, and we are not persuaded by appellant's explanations as to how the second and third bases affected his substantial rights. NRCP 59(a) (recognizing that a new trial may be warranted only when a purported impropriety during the first trial has "materially affect[ed] the substantial rights of [the] aggrieved party"). Accordingly, we conclude that the district court was within its discretion in denying appellant's motion for a new trial. *Edwards Indus., Inc. v. DTE/BTE, Inc.*, 112 Nev. 1025, 1036, 923 P.2d 569, 576 (1996).

Appellant lastly contends that the district court's February 4, 2014, order awarding attorney fees must be vacated because that order does not contain findings of fact. Having considered the parties' motion practice and the district court's oral findings at the January 7, 2014, hearing, we conclude that the district court was within its discretion in awarding attorney fees under NRS 17.115 and NRCP 68. *See Aspen Fin.*

---

[1]This conclusion would hold true even under the heightened standard of proof contained in the jury instructions. *See Gilman v. Nev. State Bd. of Veterinary Med. Exam'rs*, 120 Nev. 263, 274-75, 89 P.3d 1000, 1008 (2004) (describing the standard of review that this court employs when an issue must be established by clear and convincing evidence), *disapproved on other grounds by Nassiri v. Chiropractic Physicians' Bd.*, 130 Nev., Adv. Op. 27, 327 P.3d 487 (2014).

*Servs. v. Eighth Judicial Dist. Court*, 128 Nev., Adv. Op. 57, 289 P.3d 201, 206 n.1 (2012); *Chaves v. Sievers*, 118 Nev. 288, 296, 43 P.3d 1022, 1027 (2002); *Wynn v. Smith*, 117 Nev. 6, 13, 16 P.3d 424, 428-29 (2001). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Stefany Miley, District Judge
Carolyn Worrell, Settlement Judge
Marquis Aurbach Coffing
Sylvester & Polednak, Ltd.
Eighth District Court Clerk

---

[2]Although respondent requests that this matter be remanded to the district court so that the district court can award appellate attorney fees, we deny that request as unnecessary. Specifically, upon issuance of the remittitur, jurisdiction over the underlying case automatically returns to the district court. *Dickerson v. State*, 114 Nev. 1084, 1087, 967 P.2d 1132, 1134 (1998).

SUPREME COURT
OF
NEVADA

(O) 1947A