# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH RAMON PEREZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75806

FILED

MAR 1 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Joseph Ramon Perez's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Perez filed his petition on April 17, 2017, more than one year after his judgment of conviction was entered on October 9, 2015.[1] Thus, the petition was untimely filed and subject to dismissal unless Perez demonstrated good cause—both cause for the delay and undue prejudice. *See* NRS 34.726(1). Perez argues that he demonstrated good cause because he filed the petition a reasonable time after the United States Supreme

---

[1] Perez filed an untimely appeal from his judgment of conviction, which was dismissed. *Perez v. State*, Docket No. 69575 (Order Dismissing Appeal, February 12, 2016). Accordingly, the one-year period for filing a postconviction petition pursuant to NRS 34.726 began on the date that Perez's judgment of conviction was entered. *See Dickerson v. State*, 114 Nev. 1084, 1087, 967 P.2d 1132, 1133-34 (1998). The district court construed Perez's "motion for appointment of specific counsel" as his first postconviction petition filed in state court.

19-11461

Court announced its decision in *Welch v. United States*, 136 S. Ct. 1257, 1260-61 (2016) (holding that the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which determined that the residual clause of the Armed Career Criminal Act of 1984 was void for vagueness, was retroactive).[2] *See Clem v. State*, 119 Nev. 615, 621, 81 P.3d 521, 525 (2003) ("To establish good cause, appellants must show that an impediment external to the defense prevented their compliance with the applicable procedural rules . . . [such as] where the factual or legal basis for a claim was not reasonably available at the time of any default."). We disagree. Perez's claim is that NRS 193.165(6)(b) is unconstitutionally vague. That claim was available before *Welch* was decided, and nothing in *Welch* provides cause to raise a vagueness challenge to NRS 193.165(6)(b) in an untimely postconviction petition. *See Clem*, 119 Nev. at 621 n.27, 81 P.3d at 525 n.27 (recognizing that good cause exists when a claim is so novel that it was not reasonably available earlier). Moreover, that claim falls outside the scope of claims that can raised in a postconviction petition arising from a conviction based on a guilty plea. *See* NRS 34.810(1)(a). We therefore conclude that the district court did not err by denying the petition without conducting an

---

[2]Perez also argues that his petition was filed within a reasonable time after the Court announced its decision in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018). We decline to consider this assertion as the record indicates it was not raised in the district court.

evidentiary hearing, *see Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (recognizing that an appellant is entitled to an evidentiary hearing when his claims, if true, would warrant relief), and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Valerie Adair, District Judge
     Resch Law, PLLC d/b/a Conviction Solutions
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk